UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MEDINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-1327-ZMB |
| ) | |
| LEANNE DANIELLE ANTHONY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Christopher Medine's application to proceed in forma pauperis. Doc. 2. Upon review of his financial affidavit, the Court finds that Medine is unable to pay the filing fee and will grant his application. However, for the reasons discussed below, the Court dismisses Medine's action for lack of subject-matter jurisdiction and venue.

**BACKGROUND**

Medine is a self-represented litigant who filed the instant civil action against Defendant Leanne Danielle Anthony. Doc. 1 at 2. While his complaint is partially illegible, Medine seems to allege that Anthony banned him from wrestling tournaments from 2023 through 2025, which has caused him anxiety, distress, and depression. *Id.* at 5. He states, "She harass[ed] me for 3 years stalking my [F]acebook pages, had fake Facebook and emails, and used her's and husband emails to constantly attack." *Id.* For relief, he seeks $10,000. *Id.*

Medine indicates that his mailing address is in Kansas City, Missouri, and Anthony's mailing address is in Lyons, Ohio. *Id.* at 2. He also states that the events complained of occurred online. *Id.* at 5. However, Medine has not identified why he believes venue should lie in the District Court for the Eastern District of Missouri.

## DISCUSSION

The Court has carefully reviewed the instant complaint and determined that Medine has not carried his burden of establishing that this Court has subject-matter jurisdiction over this case. While Medine indicates that he is bringing this action pursuant to the Court's diversity jurisdiction, *see* Doc. 1 at 3–4; Doc. 1-1, the amount in controversy does not meet the jurisdictional amount of exceeding $75,000. *See* 28 U.S.C. § 1332(a). Medine also suggests he may be invoking federal-question jurisdiction. Doc. 1 at 3. However, his "passing reference to [civil rights, free speech, and discrimination] is insufficient to allege a claim for federal question jurisdiction." *See id.*; Doc. 1-1; *Luther v. Am. Nat. Bank of Minnesota*, No. 12-1085 MJD/LIB, 2012 WL 5471123, at *2 n.4 (D. Minn. Oct. 11, 2012); *see also Larkins v. Moore*, No. 16CV2661-LAB (N.S.), 2017 WL 4012334, at *2 (S.D. Cal. Sept. 11, 2017) ("Courts routinely hold that vague or unclear claims are insufficient to show jurisdiction.") (collecting cases).

Moreover, even assuming Medine could establish subject-matter jurisdiction, he fails to identify why venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Medine's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Medine does not claim that any of the parties reside in the Eastern District of Missouri or that any part of the events or omissions giving rise to his claims occurred here. Thus, venue is not proper under section 1391(b). *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL

2

4705145, at *1–2 (D. Neb. Sept. 22, 2014) (recognizing that courts may dismiss a case for improper venue while conducting a review under 28 U.S.C. § 1915(e)(2)). And while section 1406 generally allows this Court to transfer a case filed in the wrong district, it is not in the interest of justice to do so in light of the jurisdictional defects outlined above.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's [2] Application to Proceed in District Court Without Prepayment of Fees and Costs but dismisses this action for lack of subject-matter jurisdiction and improper venue. *See* 28 U.S.C. §§ 1331–1332(a); 1406(a).

An Order of Dismissal will accompany this Memorandum and Order.

So ordered this 30th day of September 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE